**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-08232-PCT-DLR-1 |
| Plaintiff, | **ORDER** |
| v. | |
| Eli Sloan, | |
| Defendant. | |

Before the Court is Defendant's motion for DNA analysis. (Doc. 125.) Defendant seeks DNA testing of the victim's clothing. The motion is fully briefed and, for reasons stated below, is denied.

After a seven day jury trial, Defendant was found guilty of kidnapping, assault with intent to commit aggravated sexual abuse, two counts of aggravated sexual abuse, assault resulting in substantial bodily injury, and assault by strangling. Defendant took the stand at trial. He testified that after a physical altercation involving himself, the victim, and her sisters, he forced the victim to flea with him walking into the wilderness in pitch darkness. He testified further that the victim repeatedly fell down and that during their foray, the victim lost consciousness on two occasions and he performed CPR to revive her. He felt it necessary to twice strike her in the face to bring her back to consciousness and to hold her by her neck. When she could walk no further, with an injured leg and no shoes in the wilderness, Defendant testified that he put the victim on

his back and carried her half a mile until, exhausted, he collapsed to the ground. He then carried her piggyback to a barbed wire fence and as he was helping her over the fence, he sustained a five inch cut to his arm. He claimed that despite the cold and rain, and having an injured ankle and cactus needles in her back, the victim twice requested to engage in intercourse. He further claimed that despite his reluctance, he yielded to her wishes and they had intercourse twice, including anal intercourse. Because it was cold and raining, Defendant testified that he had the victim dig a hole in the dirt with a tree branch where they had sex, cuddled, and spooned.

Based on Defendant's testimony alone, there is no dispute that the victim suffered facial and neck injuries. Photos of the victim's face were admitted at trial which showed scratches and bruising. The type of injuries she sustained as depicted in the photos, however, were not the type that would have resulted in substantial bleeding. The evidence was that there was substantial physical and sexual contact between the victim and Defendant on the ground and in the mud.

Defendant contends that the origin of the blood on the victim's clothes was a crucial component to his theory of the case. He argues that if the stains on the victim's shirt, which appear to be blood, are tested and found to contain Defendant's DNA, this would be exonerating or mitigating evidence. In his reply, he expands his argument to include the theory that the stains may not be blood: "The quantum of violence occasioned against the witness can be impeached if the stains are not blood." (Doc. 135 at 2.)

The Court is puzzled by Defendant's assertions regarding the stains on the victim's clothes. Neither side presented evidence or otherwise argued that there was significant bleeding. Defendant himself testified about substantial physical and sexual contact between him and the victim on the muddy ground. Where or from whom the stains originated would not be meaningful on any issue, guilt or mitigation.

/ / /

/ / /

Defendant cites no Ninth Circuit authority for his request. Instead, Defendant refers to A.R.S. § 13-4240, an Arizona *post-conviction* DNA testing statute, which requires a showing that "a reasonable probability exists" that the defendant "would not have been prosecuted or convicted if exculpatory results had been obtained" through DNA testing. A.R.S. § 1340(B). Arizona courts may, in their discretion, order post-conviction DNA testing only if a "reasonable probability" exists that either (1) the verdict would have been more favorable if the results of DNA testing had been available, or (2) DNA will produce exculpatory evidence. A.R.S. § 1340(C). The defense has not met these standards. Defendant has not shown how the determination of the contents of the stains or the origination of the stains could result in exculpatory evidence or a more favorable result. As noted above, neither side presented evidence or argued that there was significant bleeding, but there was substantial evidence showing physical and sexual contact between Defendant and the victim on the ground and in the mud. Where or from whom the stains originated would not be probative of guilt or mitigation.

Defendant also cites 18 U.S.C. § 3600, another *post-sentencing* DNA testing statute. This statute is not applicable, however, and Defendant otherwise has not met his burden. Section 3600 has very specific requirements, *all of which* must be met to support the request. Among other things, Defendant must show that (1) he did not "knowingly fail to request DNA testing in a prior motion;" (2) his theory of defense "would establish actual innocence;" and (3) the "identity of the perpetrator was at issue in the trial." 18 U.S.C. § 3600(a)(3), (6)(B), (7). There is no evidence that the lack of DNA testing was not a defense tactic. This is not a case where there is any question about the identity of the perpetrator. As indicated above, where or from whom the stains originated is not meaningful on any issue, including actual innocence.

Finally, the Ninth Circuit has recognized that there is no substantive due process right to post-conviction DNA evidence. *Turner v. Dumanis*, 415 Fed. Appx. 831, 832 (9th Cir. 2011).

/ / /

**IT IS ORDERED** that Defendant's Motion for DNA Analysis (Doc. 125) is **DENIED**.

Dated this 27th day of April, 2017.

_Douglas L. Rayes_
United States District Judge