**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Eli Sloan,<br><br>    Defendant. | No. CR-15-08232-001-PCT-DLR<br><br>**ORDER** |

    Before the Court is Defendant's Motion to Appoint Counsel. (Doc. 219.) For the following reasons, Defendant's motion is denied.

    On September 15, 2016, Defendant was convicted by a jury of kidnapping, assault with intent to commit aggravated sexual abuse, aggravated sexual abuse, assault resulting in substantial bodily injury, and assault by strangling. (Doc. 105.) The victim was Defendant's estranged wife. Defendant was sentenced to the Bureau of Prisons for a term of 330 months. (Doc. 168.) Defendant appealed the jury's convictions alleging errors committed by the prosecutor during closing arguments and the Court's abuse of discretion in admitting evidence of prior acts under Rule 404(b) of the Federal Rules of Evidence. On March 8, 2019, the Ninth Circuit Court of Appeals affirmed Defendant's convictions. *United States v. Sloan*, 756 Fed.Appx. 739 (9th Cir. 2019). Defendant now moves to appoint counsel in order to file a "motion for application of new standard in the direct appeal course[,]" in light of the recent Supreme Court decision *Flowers v. Mississippi*.

(Doc. 219) (internal quotation marks omitted). "Or possibly in the Federal Habeas Corpus course." *Id.*

"[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Therefore, a prisoner has no constitutional right to appointed counsel for a collateral attack on a conviction. *Id.* Defendant's motion to appoint counsel, whether to appeal based on new standards or petition for writ of habeas corpus, is a collateral attack on convictions already affirmed by the Ninth Circuit Court of Appeals.

The Court, however, has discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331. "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel[.]" *Id.* Here, Defendant has not made a sufficient showing that appointment of counsel is necessary at this time. Defendant is in a position similar to many other *pro se* prisoner litigants. For these reasons, Defendant's motion is denied.

**IT IS ORDERED** that Defendant's Motion to Appoint Counsel (Doc. 219) is **denied.**

Dated this 10th day of July, 2019.

Douglas L. Rayes
United States District Judge