**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-08232-001-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Eli Sloan, | |
| Defendant. | |

Before the Court is Defendant's *pro se* "Motion for Reconsideration of Denial Imposed on 12/16/2020." (Doc. 283). For the reasons set forth herein, Defendant's motion is denied.

On December 16, 2020, the Court entered an order denying Defendant's "Emergency Motion for Leave to File a Motion for New Trial Under Newly Discovered Evidence Rule 33(b)(1)." (Doc. 277.) The Court found Defendant's motion to be both untimely and lacking in merit. Defendant now seeks reconsideration, arguing that the Court overlooked newly discovered evidence and "exemptions that overcome procedural defaults." (Doc. 283 at 3.)

So long as the Court retains jurisdiction, it may, in its discretion, reconsider its rulings. That discretion should ordinarily be exercised when the judge is convinced that the ruling was wrong and that rescinding it would not cause undue harm to the parties. *See U.S. v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (citing *Avitia v. Metropolitan Club of*

*Chicago, Inc.,* 49 F.3d 1219, 1227 (7th Cir. 1995)).  Thus, motions for reconsideration should be granted only in rare circumstances.  *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).  Such motions should not be used for the purpose of asking a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife,* 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Here, Defendant's motion points to no newly discovered evidence, no clear error, and no intervening change in the law.  Instead, Defendant reasserts the issues argued in his original motion, making no allegation in his motion that addresses either reason given by the Court for denying his original motion.  The motion is therefore frivolous.  Accordingly,

**IT IS ORDERED** that Defendant's pro *se* Motion to Reconsider (Doc. 283) is **DENIED**.

Dated this 22nd day of January, 2021.

Douglas L. Rayes
United States District Judge