WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-08232-001-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Eli Sloan, | |
| Defendant. | |

Before the Court is Defendant's *pro se* Emergency Motion for Compassionate Release and Sentence Reduction Modification. (Doc. 284.) Because this motion requests the same relief denied on July 13, 2020 (Doc. 267), the Court will treat Defendant's motion as a *pro se* motion to reconsider. For the reasons set forth herein, Defendant's motion is denied.

So long as the Court retains jurisdiction, it may, in its discretion, reconsider its rulings. That discretion should ordinarily be exercised when the judge is convinced that the ruling was wrong and that rescinding it would not cause undue harm to the parties. *See U.S. v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (citing *Avitia v. Metropolitan Club of Chicago, Inc.,* 49 F.3d 1219, 1227 (7th Cir. 1995)). Thus, motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial

decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).  Such motions should not be used for the purpose of asking a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife,* 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Here, Defendant's motion points to no newly discovered evidence, no clear error, and no intervening change in the law.  The Court denied Defendant's original Motion for Early Release (Doc. 142) because he had not asserted extraordinary and compelling reasons for early release recognized by the Sentencing Commission and because the Court determined that he is a danger to any other person or to the community.  The motion presents no evidence that compels the Court to find that the its rationale for denying his original motion has changed.  Defendant's request for reconsideration does not assert any new circumstances that fall into the Sentencing Commission's criteria for compassionate release.  And, the Court notes as it did in the original order (Doc. 285 at 9), that even if Defendant had presented evidence proving extraordinary and compelling reasons for compassionate release, pursuant to 18 U.S.C. § 3142(g) and § 1B1.13, the Court cannot reduce Defendant's sentence because he is a danger to the safety of any other person or the community.

**IT IS ORDERED** that Defendant's pro *se* Emergency Motion for Compassionate Release and Sentence Reduction Modification (Doc. 284) is **DENIED**.

Dated this 25th day of January, 2021.

Douglas L. Rayes
United States District Judge