**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-08232-001-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Eli Sloan, | |
| Defendant. | |

Before the Court is Defendant's Motion for Reduction of Sentence/Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 324.) The motion is fully briefed (Docs. 329, 334), and for the reasons stated herein is denied.

## I.      Background

Since his sentencing, Defendant has brought multiple post-conviction motions challenging his convictions and seeking early release. Defendant's last motion, a compassionate release motion, was denied in an order dated June 9, 2021. (Doc. 291.) The Court explained that a persistent problem with Defendant's post-trial motions and requests for early release, among others, is his danger to the community. The Court noted that

> the Court witnessed the evidence presented at trial, including Defendant's testimony where he dissembled and rationalized his tortuous and violent behavior toward the victim, and finds that he is a danger to the community.

(Doc. 291 at 2.) As discussed below, Defendant has not shown extraordinary circumstances

warranting an early release. Had he done so, the Court would have reservations about early release due to the threat Defendant poses to the victim and the community as whole.

The Government's Response to Defendant's motion (Doc. 329) accurately summarizes the background and corresponding evidence in this case. The Court will not again discuss in detail the evidence discussed in its previous orders other than to mention that Defendant has consistently presented facts, at trial and in his post-trial motions, that are inconsistent with other evidence and which the Court has found implausible. For example, in its order overruling Defendant's objections to the Report and Recommendation of Magistrate Judge Deborah M. Fine (Doc. 51) the Court describes some of Defendant's unconvincing trial testimony. (Doc. 313 at 10–15.) Defendant has continuously failed to accept responsibility for his heinous actions.

## II.    Discussion

The Court may reduce Defendant's sentence pursuant to § 3582(c)(1)(A) if, after exhausting his administrative remedies, the Defendant shows (1) "extraordinary and compelling reasons warrant such a reduction" and (2) "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The grounds that qualify as "extraordinary and compelling reasons" are listed in the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13(b). The focus of compassionate release is "granting mercy rather than fighting legal wrongs" considering "a defendant's personal circumstances—his advanced age, safety risk, illness, rehabilitation and the like." *Fernandez v. Untied States,* 146 S. Ct. 1292, 1303 (2026).

The Government concedes that Defendant has exhausted his Bureau of Prisons ("BOP") administrative remedies. However, Defendant has not shown that extraordinary and compelling reasons exist to warrant a reduction. Nor has Defendant shown that a reduction is consistent with the applicable policy statements of the Sentencing Commission.

Defendant's motion, although labeled a "Motion for Reduction of Sentence/Compassionate Release 18 U.S.C. § 3582(c)(1)(A)," also collaterally attacks his

- 2 -

conviction and seeks clemency based on "actual innocence."  Defendant also seeks review of his "exculpatory information" because of his allegation that the sentence imposed was "grossly disproportionate" and that it should be reduced based on the 18 U.S.C. § 3553(A) factors. Defendant has come to the Court on other occasions seeking release based on these same arguments of factual innocence. The Court did not find the purported evidence and arguments of factual innocence persuasive in previous motions and is not persuaded by them now. The only relevant issue is whether Defendant should be released early for compassionate reasons pursuant to § 3582(c)(1)(A).

In support of his compassionate release motion, Defendant has not presented relevant evidence or arguments. Defendant's alleged extraordinary and compelling reason is his longstanding claim of factual innocence. Defendant has not proffered reasons related to his health, age, or family circumstances. *See* U.S.S.G. § 1B1.13(b)(5). Nor has Defendant shown any personal circumstances that warrant "mercy rather than fighting legal wrongs." *Fernandez*, at 1303. Instead, Defendant offers exculpatory information in support of his gross disparity argument to challenge the validity of his conviction. That is not what compassionate release is intended to address.

Defendant's argument that the sentence is unusually long is likewise inadequate. Based on the nature of his crimes, the sentence imposed by the Court, 330 months, is appropriate. The sentence is in the middle of the guideline range of 292–365 months. Defendant has not shown the existence of any "change in the law" that would produce "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed and after full consideration of the defendant's individualized circumstances." *See* U.S.S.G. § 1B1.13(b)(6). Without such a showing Defendant has failed to make a case for an extraordinary and compelling reason for early release.

Before the Court reaches the § 3553(a) sentencing factors in a motion for compassionate release the Court must first find that the Defendant established an extraordinary and compelling reason to reduce his sentence. Defendant has not met that burden.

Even if Defendant had met that burden, considering the § 3553(a) sentencing factors, the Court would not grant the motion for early release. Defendant has not shown that either the nature and characteristics of the offense or the history and characteristics of Defendant warrant a sentence reduction. All of Defendant's convictions—Kidnapping, Assault with Intent to Commit Aggravated Sexual Abuse or with Intent to Commit Murder, Aggravated Sexual Abuse, (vaginal), Aggravated Sexual Abuse (anal), Assault of a Spouse or Intimate Partner Resulting in Substantial Bodily Injury and Assault of a Spouse or Intimate Partner by Strangling or Suffocation—are serious offenses. There is nothing about the offenses or the circumstances surrounding them that supports a reduction in sentence. This was an extended violent encounter where the victim was held for a day under the control of the Defendant who physically injured her and sexually assaulted her, placing her in fear for her life and hid her while others frantically searched for her. As such, as the Court discussed earlier, Defendant is a danger to the victim and the community as a whole.

When he testified at trial, Defendant claimed that he was not controlling the victim, but that she was controlling him. Defendant claimed that he had sex with the victim because she insisted. This is a truly remarkable claim for many reasons considering the fact that the victim had a severely injured ankle, was in the wilderness in the rain, and when she was finally rescued it was discovered that her back was covered with cactus needles from laying on cactus while Defendant sexually assaulted her, both vaginally and anally. This is clearly not an experience anyone would insist on. The jury understandably did not find Defendant credible and neither did the Court. Not only has Defendant failed to accept responsibility, but he also continues to attempt to avoid responsibility by continuing to blame the victim based on outlandish assertions. Defendant's underlying conduct and his continued efforts to convince the Court that he is the victim while his ex-wife, who is much smaller and weaker, is the real aggressor, demonstrates what a true threat he continues to be.

///

///

///

- 4 -

**IT IS ORDERED** that Defendant's Motion for Reduction of Sentence/Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 324) is **DENIED**.

Dated this 6th day of August, 2026.

Douglas L. Rayes
Senior United States District Judge

- 5 -